INTERNATIONAL RAILWAY COMPANY, Plaintiff, *v.* FRANK X. SCHWAB, as Mayor, and Others, Defendants.

Supreme Court, Erie County, April 28, 1927.

Street railways — revocation of franchise — action to restrain city of Buffalo and its officers from taking any action looking to cancellation of consent to franchise to plaintiff's predecessor — State having granted franchise alone can revoke it — plaintiff's franchise may be revoked in action in which State is plaintiff — injunction continued to restrain eviction of plaintiff from streets of city of Buffalo.

In this action to restrain the city of Buffalo and its officers from taking any action looking to the cancellation of a consent, which the city of Buffalo gave, to the

granting by the State of New York of a franchise to plaintiff's predecessor to operate a street railway line in said city, a temporary injunction already issued should be continued so that the defendants will be permanently restrained from evicting the plaintiff from the streets of Buffalo, in view of the fact that defendants are unwilling to be committed to a denial of any intention to proceed by direct action to destroy plaintiff's property as soon as they have passed such resolutions, and served such notices as they think necessary and without a judgment given by a court in a proper action. However, the permanent injunction should be so phrased as to permit defendants to pass any resolutions and serve such notices as they are advised may be necessary as preliminary steps to the commencement of a proper action to accomplish the revocation of plaintiff's franchise.

Since plaintiff's franchise was granted by the State with the consent of the city, that franchise can be revoked only by the State; such revocation can be brought about by the State only through judicial proceedings and a judgment in an action in which the People of the State would be plaintiff.

EQUITY action to restrain the defendants from " taking any action looking to * * * cancellation, annulment, forfeiture or revocation " of a certain consent which the city of Buffalo gave to the granting, by the State of New York, of a franchise to the plaintiff's predecessor, Crosstown Street Railway Company, in 1889.

*Henry W. Killeen,* for the plaintiff.

*Frederic C. Rupp* [*Jeremiah J. Hurley* and *Fred C. Maloney* of counsel], for the defendants.

CROSBY, J. The order for temporary injunction restrains the defendants from " taking any action or passing any resolution declaring, or purporting to declare, that the consent * * * is revoked," etc. The order further restrains the defendants from " preventing, or taking any action to prevent, the operation of the plaintiff's cars over the lines described in said consent."

The complaint alleges that the city has demanded that the plaintiff do certain paving, which, under the statute, the plaintiff owes a duty to do; that the plaintiff is financially unable to do the paving and that the city is largely responsible for plaintiff's financial embarrassment by having resisted plaintiff's applications for raises in rates of fare.

If it were necessary to go into the war that has been waged between the city of Buffalo and the International Railway Company, much could be said upon both sides. The volumes of testimony taken upon the trial of the present case contains much that will be of interest to any court that may think it necessary to go into the issues of fact alleged and litigated herein; but it seems to me that the judgment that must be granted in this case is one that takes no account of the merits or demerits of the plaintiff's claim that it cannot perform the duty imposed upon it by statute because of

the conduct of the city of Buffalo in opposing its application for a raise in rates.

In the first place, the plaintiff's franchise was granted by the State of New York (the city consenting). That franchise can be revoked by the State which granted it, and by the State alone. (*Matter of Brooklyn Elevated R. R. Co.*, 125 N. Y. 434.) And such revocation can be brought about by the State only through judicial proceedings and a judgment. (*Day* v. *Ogdensburgh, etc., R. R. Co.*, 107 N. Y. 129; *Mayor* v. *Starin*, 106 id. 1, 15.)

It would seem that the only way in which the plaintiff's franchise could be revoked is by an action in which the People of the State of New York would be plaintiff. If the city of Buffalo or the other defendants herein can persuade the Attorney-General that such an action ought to be commenced, then the city and its codefendants herein ought not to be restrained from serving any and all notices and passing any and all resolutions which they are advised may be necessary or desirable as preliminaries to such action.

The temporary injunction herein is too sweeping in this respect, although its wisdom as a temporary injunction is not doubted. Upon the trial herein counsel for defendants was asked by the court if defendants claimed the right to proceed by direct action to destroy the plaintiff's property in the streets as soon as they had passed such resolutions and served such notices as they thought necessary, and without a judgment given by a court in a proper action. He seemed unwilling to commit his clients to a denial of intention to employ the " direct action " method. Under these circumstances, it was wise to restrain defendants, and it is wise to continue that restraint, so far as to prevent their evicting plaintiff from the streets. But the permanent injunction herein should be so phrased as to permit defendants to pass any and all resolutions and serve any and all notices and papers, and to do all things of that nature, such as they are advised may be necessary or expedient as preliminary steps to the bringing of a proper action to accomplish the revocation of plaintiff's franchise.

If counsel for the respective parties can agree upon the wording of a final judgment to that end, they may prepare and present such for the court's approval; and it seems unnecessary to make findings of fact upon the issues tried out so fully, in view of the theory upon which this decision proceeds. However, the court will not refuse to pass upon requests to find if they are submitted. And the court will draw the final judgment if counsel cannot agree upon the terms necessary to carry out this decision.

No costs to any party.